UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JEROME MICHAEL BELL and DESHAWN WALKER,<br><br>Defendant(s). | Case No. 2:15-CR-11 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Deshawn Walker's motion for review and amendment of a magistrate judge's detention order. (Doc. # 23). The government has not filed a response, and the time for doing so has passed.[1]

**I.   Background**

Mr. Walker was charged by a grand jury on January 14, 2015. (Doc. # 12). The indictment charges Mr. Walker and his codefendant, Jerome Michael Bell, with three counts: armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); using and carrying a firearm in furtherance of a crime in violation of 18 U.S.C. § 924(c)(1)(A)(2); and criminal conspiracy in violation of 18 U.S.C. § 371. (Doc. # 12).[2] The United States had previously filed a criminal complaint against both defendants on January 2, 2015. (Doc. # 1).

---

[1] Defendant Walker filed a notice of the government's non-opposition (doc. # 27), noting that Local Criminal Rule 47-9 provides that a party's failure to oppose a motion shall constitute consent to the motion. That rule does not, however, compel the court to grant a motion without merit.

[2] On January 6, 2016, the grand jury returned a superseding indictment (doc. # 85) against both defendants, adding no new charges.

**James C. Mahan**
**U.S. District Judge**

Mr. Walker made an initial appearance on January 5, 2015, before Magistrate Judge Hoffman.[3] (Doc. # 6). Judge Hoffman ordered the defendant detained, and he was remanded to custody. (*Id.*) On that same date, Judge Hoffman issued an order of detention for the defendant. (Doc. # 8).

## II.   Legal Standard

Title 18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The standard of review is de novo. *See, e.g.*, *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990); *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985). The court must review the evidence presented to the magistrate judge and make "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. *Koenig*, 912 F.2d at 1192-93. The court may, but need not, hold an evidentiary hearing to make this determination. *See id.*

Pursuant to 18 U.S.C. § 3142(e) ("section 3142"), the court must detain a defendant if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The statute provides a list of factors for the court to consider in determining whether detention is necessary: "(1) The nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## III.   Discussion

Judge Hoffman found that there is both (i) a serious risk that defendant will not appear and (ii) a serious risk that the defendant will endanger the safety of another person or the community. (Doc. # 8 at 2). In so finding, Judge Hoffman stated:

> Based on the information as set forth in the government's proffer, as well as the information provided to the Court by Pretrial Services, the Court finds the defendant poses a substantial risk of danger to the community and a substantial risk of nonappearance. The defendant's prior criminal history record reflects two prior misdemeanor convictions, four prior failures to appear and an active warrant. Additionally, the defendant lacks employment, financial

---

[3] Defendant was arraigned and entered a plea of not guilty on January 22, 2015. (Doc. # 18).

**James C. Mahan**
**U.S. District Judge**

>and property ties to the community. The Court finds there are no conditions or combination of conditions that the Court could fashion at this time that would reasonably protect the community against the risk of danger posed by the defendant or assure the defendant's appearance at future court proceedings, accordingly, the defendant is ordered detained pending trial.

(*Id.*)

Based on those facts and the credible testimony offered at the initial appearance hearing, Judge Hoffman found by clear and convincing evidence that the defendant is a danger to the community. (*Id.*) Further, he found by a preponderance of the evidence that the defendant is a risk of flight and that no condition or combination of conditions would reasonably assure the safety of the community or defendant's appearance as required. (*Id.*)

Mr. Walker objects to the detention order. (Doc. # 23). Defendant asserts that he is not a flight risk. He indicates that contrary to the court's findings, he does have ties to the community, specifically an employment opportunity and a potential residence. (*Id.* at 4–5). Defendant filed a letter indicating that he has an employment opportunity at St. Paul Stamps. (*Id.* at 4). He states that if released, he will reside at his grandmother's home, next to the home of his daughter and her mother. Finally, Mr. Walker argues that if released, his grandmother would agree to be a third party custodian, ensuring his court appearances.

The court finds that these limited community ties are not sufficient to ensure the appearance of a criminal defendant charged with armed bank robbery. Mr. Walker's past criminal history and failures to appear indicate an overall lack of respect for the legal process, whether the failed appearances were for major or minor matters. Mr. Walker now faces a series of serious felony charges and poses a flight risk. Moreover, evidence put forth at the initial appearance hearing indicates that Mr. Walker has a longstanding history of unemployment, few financial resources, and a substance abuse problem.

Moreover, these community ties do not affect the court's determination that Mr. Walker is a danger to the community. Mr. Walker is charged with a violent bank robbery involving a firearm and has been accused of being involved in a car accident in an attempt to avoid being apprehended for the same. Defendant offers that the court can place Mr. Walker on GPS monitoring to ensure the safety of the community. Defendant does not explain how placing him on an ankle monitor makes Mr. Walker less of a threat to the safety of the community. The court finds that this condition would not adequately ensure the safety of the community. Pretrial services do not have the

**James C. Mahan**
**U.S. District Judge**

- 3 -

resources to actively and constantly track every defendant who would prefer to be released pending trial to properly ensure the safety of the community at all times.

Ultimately, the new evidence of a residence and employment opportunity for Mr. Walker do not persuade the court that Mr. Walker will appear or that he is not a danger to the community. His ties to this community are still relatively weak, and given the nature of the charges and the facts and evidence against him, Mr. Walker is a threat to the safety of the community. His motion will therefore be denied.

**IV.    Conclusion**

Based on a *de novo* review of Judge Hoffman's findings and conclusions, as well as the foregoing discussion, the court finds by a preponderance of the evidence that the defendant is a risk of flight and that no condition or combination of conditions will reasonably assure the safety of the community. Moreover, the court finds that the defendant is a danger to safety of the community by clear and convincing evidence.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Deshawn Walker's motion for review and amendment of a magistrate judge's detention order (doc. # 23) be, and the same hereby is, DENIED.

DATED January 19, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -