**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff, )<br>vs. )<br>DESHAWN WALKER, )<br>       Defendant. ) | Case No.  2:15-cr-00011-JCM-CWH<br><br>**ORDER** |

    Presently before the court is Defendant Deshawn Walker's letter (ECF No. 173), filed on December 14, 2016, in which he states his attorney would not file an appeal on his behalf and requests a new attorney.  The court ordered attorney Michael J. Miceli, who represented Defendant in this case, to file any motions he deemed appropriate, and/or a status report, in response to the letter.  (Order (ECF No. 174).)  Based on the representations in Mr. Miceli's status report (ECF No. 175), which is attached to this order, the court has determined that it will not take any further action with respect to Defendant's letter.

    IT IS SO ORDERED.

DATED: January 5, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

1  **MICHAEL J. MICELI, ESQ.**
   Nevada Bar No. 010151
2  **PITARO & FUMO, CHTD.**
3  601 Las Vegas Blvd. South
   Las Vegas, Nevada  89101
4  (702) 382-9221
   Attorney for Defendant
5  **DESHAWN WALKER**

6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | Case No.  15-CR-00011-JCM-CWH |
| vs. \ | |
| **DESHAWN WALKER**, | |
| Defendants. | |

## <u>STATUS REPORT</u>

    **COMES NOW**, **DESHAWN WALKER**, by and through his attorney, **MICHAEL J. MICELI, ESQ.**, and hereby submits a status report as requested by this Court.

    **DATED** this 22nd day of December, 2016.

                                              /s/ Michael J. Miceli
                                              **MICHAEL J. MICELI, ESQ.**
                                              Nevada Bar No. 010151
                                              **PITARO & FUMO, CHTD.**
                                              601 Las Vegas Blvd. South
                                              Las Vegas, Nevada  89101
                                              Attorney for Defendant
                                              **DESHAWN WALKER**

**MEMORANDUM OF POINTS AND AUTHORITIES**

On or about December 14, 2016, Walker filed on his own a letter stating that counsel would not file an appeal on his behalf. (ECF No. 173) This Court has requested that counsel file any appropriate motions and/or a status report.

On March 1, 2016, Walker plead guilty to Count 2: Armed Bank Robbery, and Count 3: Brandishing a Firearm in Furtherance of a Crime of Violence.  On June 1, 2016, the court sentenced him to 12 months on Count 2 and 84 months on Count 3 to run consecutive for a total of 96 months, as was agreed upon by the parties as the recommended sentence in the Guilty Plea Agreement.

A few months ago, counsel was contacted by Walker who called him from the prison. Walker had been talking to several "jail house lawyers" who told him that based on the case of Johnson v. United States, 135 S.Ct. 2551 (2015) and its progeny, that Count 3 for Brandishing a Firearm in Furtherance of a Crime of Violence should be dismissed.  Essentially Walker believes that 18 U.S.C. 924(c) as a whole is no longer valid and that no one can be convicted or sentenced under this statute.  Thus Walker wanted a motion to dismiss Count 3 filed on his behalf.

I performed research on this matter and came to the conclusion that this belief by Walker is simply not true at this point in time based on the case law.  While there may be additional limits on what types of crimes are considered a "crime of violence" an armed bank robbery is still considered a crime of violence based upon counsel's research.

Thus counsel informed Walker that counsel would not be filing any additional motions on his behalf.  Counsel informed Walker that he could represent himself, hire his own attorney, or seek to have new counsel appointed that would be willing to file these motions on his behalf. Further, if Walker believes that counsel has been ineffective for failing to raise this issue at the

1  District Court level, then he may also file the appropriate post-conviction motions claiming as
2  such.
3
4       Obviously counsel will file any motions as ordered by this court, so if the court seeks to
5  have counsel file any additional motions, then this court should order counsel to file at the
6  appropriate time.  However, counsel believes that the motion requested by Walker is not valid.
7       **DATED** this 22nd day of December, 2016.
8
9                                                                  /s/ Michael J. Miceli
                                                                   **MICHAEL J. MICELI, ESQ.**
                                                                   Nevada Bar No. 010151
10                                                                 **PITARO & FUMO, CHTD.**
                                                                   601 Las Vegas Blvd. South
11                                                                 Las Vegas, Nevada  89101
                                                                   Attorney for Defendant
12                                                                 **DESHAWN WALKER**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28