# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

DESHAWN WALKER,

Defendant(s).

Case No. 2:15-CR-11 JCM (CWH)

ORDER

Presently before the court is petitioner Deshawn Walker's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 183). The government has not filed a response, and the time for doing so has since passed.

Also before the court is petitioner's request for status regarding his motion to vacate. (ECF No. 185).

## I.   Facts

On January 6, 2016, the government brought a superseding indictment charging the petitioner with: 1) conspiracy to commit armed bank robbery; 2) armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and 3) use of a firearm during and in relation to a crime of violence ("use of a firearm"). (ECF No. 85). On March 1, 2016, petitioner pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a)[1] and use of a firearm.

---

[1] Neither the plea agreement nor the judgment reference 18 U.S.C. § 2113(d).

**James C. Mahan**
**U.S. District Judge**

On June 1, 2016, the court sentenced petitioner to 12 months for armed bank robbery and 84 months for use of a firearm to run consecutively for a total of 96 months.[2] Petitioner did not appeal his sentence.

In the instant motion, petitioner moves to vacate pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). (ECF No. 183).

**II.     Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

**III.    Discussion**

In the instant motion, petitioner requests that the court vacate his conviction under § 924 pursuant to *Johnson*. (ECF No. 183). In particular, petitioner argues that his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) violates the Constitution's guarantee of due process. *Id.*

In *Johnson*, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague. 135 S. Ct. at 2557. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[2] The statute of conviction, 18 U.S.C. § 924, imposed a mandatory minimum seven-year consecutive sentence. 18 U.S.C. § 924(c)(1)(A)(ii).

**James C. Mahan
U.S. District Judge**

- 2 -

>  (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized above is known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56. The Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id*. at 2557.

Petitioner asserts that his conviction is not subject to the provisions of § 924(c)(3) because his underlying conviction (armed federal bank robbery) does not constitute a "crime of violence." (ECF No. 183). Petitioner argues that his sentence is unconstitutional under *Johnson* because *Johnson*'s holding applies equally to the residual clause in § 924(c). *Id.* Petitioner thus maintains that *Johnson*'s holding renders the government unable to prove that armed bank robbery constitutes a crime of violence without relying on the residual clause. *Id*. The court disagrees.

Subsection (3) of § 924(c) defines the term "crime of violence" as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

To sustain a conviction for the offense of armed bank robbery, the government must prove either the defendant assaulted another person by the use of a dangerous weapon or device, or that he put another person's life in jeopardy by the use of the dangerous weapon or device. *See* Modern Fed. Jury Instructions 53-14.

Prior to the Supreme Court's holding in *Johnson*, Ninth Circuit caselaw discussing § 2113(a) held that armed bank robbery under the statute constituted a crime of violence. *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) (citing 18 U.S.C. § 2113(a)) ("Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'"); *see also Selfa*, 918 F.2d at 751 ("We therefore hold that

persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1."). Petitioner asks the court to revisit this question in light of *Johnson*.

In 2016, the Ninth Circuit was confronted with the essentially same argument that petitioner raises here, that "because Hobbs Act robbery may also be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. § 924(c)(3)(A)." *United States v. Howard*, 650 Fed App'x. 466, 468 (9th Cir. 2016). The court held that Hobbs Act robbery[3] nonetheless qualified as a crime of violence under the force clause:

> [Petitioner's] arguments are unpersuasive and are foreclosed by *United States v. Selfa*, 918 F.2d 749 (9th Cir.1990). In *Selfa*, we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or by intimidation," 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of "crime of violence" as § 924(c). *Selfa*, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. *Id.* (emphasis added) (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as crime of violence.

650 Fed. App'x. at 468.

Since *Howard*, at least four courts in this district have held that § 2113 robbery is a crime of violence under the force clause.[4] *See United States v. Wesley*, 241 F. Supp. 3d 1140, 1145 (D. Nev. 2017) (Hicks, J.); *United States v. Ali*, no. 2:06-cr-00160-APG-RJJ, 2017 WL 3319115, at *2, *2 n.9 (D. Nev. Aug. 3, 2017) (collecting cases from the District of Nevada and other districts); *United States v. Tellez*, no. 2:02-cr-00279-JAD-VCF, 2017 WL 2192975, at *2-3 (D. Nev. May

---

[3] The court in *Howard* analogized Hobbs Act robbery to § 2113. *See id.*

[4] In addition, two courts in this district have found that "Hobbs Act robbery is categorically a crime of violence under the force clause." *United States v. Mendoza*, no. 2:16-cr-00324-LRH-GWF, 2017 WL 2200912, at *2 (D. Nev. May 19, 2017); *see United States v. Barrows*, no. 2:13-cr-00185-MMD-VCF, 2016 WL 4010023 (D. Nev. July 25, 2016).

18, 2017); *United States v. Loper*, 2:14-cr-00321-GMN-NJK, 2016 WL 4528959, at *2 (D. Nev. Aug. 29, 2016).

The court holds that armed robbery in violation of § 2113(a) constitutes a crime of violence under § 924(c)(3)'s force clause. Under the elements set forth in the language of § 2113(a) and (d), petitioner's underlying felony offense (armed bank robbery) is a "crime of violence" because the offense has, "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see Wesley*, 241 F. Supp. 3d at 1145. Therefore, *Johnson* is inapplicable here because petitioner's sentence does not rely on the residual clause of § 924(c).

In light of the foregoing, petitioner has failed to show that his sentence is unconstitutional under *Johnson* or otherwise. Accordingly, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 183) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's request for status (ECF No. 185) be, and the same hereby is, DENIED as moot.

DATED May 23, 2018.

_____
UNITED STATES DISTRICT JUDGE