UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff(s),<br><br>    v.<br><br>DESHAWN WALKER,<br><br>            Defendant(s). | Case No. 2:15-CR-11 JCM (CWH)<br><br>ORDER |

Presently before the court is Deshawn Walker's ("defendant") motion for judicial recommendation for transfer to home confinement (ECF Nos. 213). The United States of America filed a response, taking no position on the instant motion (ECF No. 215).

**I.   Background**

As relevant to this motion, the court sentenced defendant to 96 months' incarceration on June 1, 2016, following his guilty-plea convictions for armed robbery and brandishing a firearm during and in relation to a crime of violence. (ECF Nos. 135; 137). During defendant's incarceration, a novel strain of coronavirus and COVID-19, the resultant respiratory disease, has run rampant throughout the country and the world. Defendant is nearing the end of his incarceration, and counting good time credits, defendant's projected release date is October 26, 2021. (ECF No. 213 at 2). Defendant moves this court to make a non-binding recommendation for placement in home confinement under 18 U.S.C. § 3624 as amended by the Second Chance Act of 2007 ("SCA") (ECF No. 213 at 3). In response, the government states that it takes no position on defendant's motion and defers to the court's judgment. (ECF No. 215 at 2).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

A federal defendant who has been convicted and sentenced to a term of imprisonment is committed to the custody of the BOP. 18 U.S.C. § 3621(a). The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *see United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (recognizing that the BOP "has the statutory authority to choose the locations where prisoners serve their sentence").

Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP has discretion to place an inmate in a residential reentry center ("RRC") and/or home confinement. *See Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010) (recognizing that these two "statutory provisions govern the BOP's authority to place inmates in its custody in RRCs"). Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" upon consideration of, in pertinent part, "any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate." 18 U.S.C. §§ 3621(b)(4)(A)–(B).

Section 3624(c)(1), as amended by the SCA, states that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). An appropriate placement may include an RRC or home confinement. 18 U.S.C. § 3624(c)(1)–(2). The SCA also requires the BOP to issue regulations designed to ensure that RRC placements are (1) "conducted in a manner consistent with section 3621(b)," (2) "determined on an individual basis," and (3) "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

## III. Discussion

In *Ceballos*, the Ninth Circuit held that a litigant cannot appeal a non-binding judicial recommendation because it is not part of the sentence. 671 F.3d at 856. The Ninth Circuit also suggested, in dicta, that "this holding does not deprive district courts of the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time—including but not

**James C. Mahan**
**U.S. District Judge**

limited to—during the sentencing colloquy." *Id.*, n.2. Accordingly, the court finds that it has the discretion to issue, or not issue, a post-judgment recommendation, and that any such recommendation does not violate the limitations set forth in 18 U.S.C. § 3582 and Federal Rules of Criminal Procedure 35 and 36.

Defendant represents that release to home confinement is appropriate because he poses "no risk to the community," "he poses no flight risk," and his release would contribute to "his safety as well as the safety of other inmates and staff" at his facility. (ECF No. 213 at 4). When he committed his offense, defendant had a substance abuse problem with cocaine and alcohol and claims that paying for his drug habit partially motivated his crime. (ECF No. 134 at 7). Defendant is a minimum-security inmate on good behavior. (ECF No. 213 at 10). His low-security facility, FCI Terminal Island, is reported to have "'the nation's worst [COVID-19] outbreak in a federal penitentiary, where more than 60% of the inmate population have [sic] tested positive for COVID-19,' and six inmates have already died" as of May 5, 2020. (*Id.* at 2).

As to his ability to maintain home confinement, defendant states that he is able to live with his 72-year old grandmother in her two-bedroom apartment in Las Vegas; "he is able to self-quarantine himself in one of those bedrooms for fourteen days and may spend the duration of his confinement in her apartment." (*Id.* at 2). Defendant was raised by his grandmother. (ECF No. 134 at 7).

The court grants defendant's motion and recommends that he be released, as soon as he is eligible, to home confinement for the final 12 months of his sentence. Although defendant asks for placement in "home confinement for the less than year and a half" of his remaining sentence, (ECF No. 213), the court notes that release under the statute is "not to exceed 12 months," 18 U.S.C. § 3624(c)(1).

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Walker's motion for judicial recommendation (ECF No. 213) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

1   IT IS HEREBY RECOMMENDED that Walker be considered for placement at home
2   confinement for the maximum term of 12 months as soon as he is eligible.
3   DATED June 5, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -